IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) **OKLAHOMA NATURAL GAS**, a division of **ONE GAS, INC.**,<br><br>        Plaintiff,<br><br>v.<br><br>(1) **NEXTERA ENERGY MARKETING, LLC**,<br><br>        Defendant. | Case No. CIV-21-419-D |

## COMPLAINT

Plaintiff Oklahoma Natural Gas, a division of ONE Gas, Inc. (ONG) brings this action for breach of contract and declaratory judgment against Defendant NextEra Energy Marketing, LLC (NextEra).

## PARTIES, JURISDICTION, AND VENUE

1. ONE Gas, Inc. is a publicly traded natural gas utility headquartered in Tulsa, Oklahoma, incorporated under the laws of the State of Oklahoma and subject to regulation by the Oklahoma Corporation Commission. ONG maintains an office in Oklahoma City from which its natural gas supply personnel conduct business.

2. NextEra is an energy trading company. It buys and sells natural gas and electric power on the wholesale market. NextEra is a Florida limited liability company, headquartered in Juno Beach, Florida. NextEra is a wholly owned subsidiary of NextEra Energy Resources, LLC, which in turn is a wholly owned subsidiary of NextEra Energy Capital Holdings, Inc., a Florida corporation also headquartered in Juno Beach, Florida.

3.      This Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

4.      This Court has personal jurisdiction over NextEra because NextEra conducted business in Oklahoma, including purposefully directing activities related to the contracts and transactions that are the subject of this litigation towards ONE Gas in Oklahoma. Venue is appropriate in this district under 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

5.      On or about January 31, 2016, ONE Gas entered into a standard form Base Contract for Sale and Purchase of Natural Gas with NextEra. The form contract is referred to in the natural gas industry as a "NAESB."  Under the NAESB the parties agree to enter into individual transactions from time to time subject to the terms of the NAESB and with additional, specific terms reflected in individual Transaction Confirmations ("Confirms").

6.      For the 2020-2021 winter heating season, ONE Gas entered into two separate Confirms with NextEra for the purchase of natural gas, one with a Trade Date of June 3, 2020 ("June 3rd Confirm"), and a second with a Trade Date of July 29, 2020 ("July 29th Confirm").

7.      Both Confirms specified that NextEra would deliver gas for ONG's benefit at the ONEOK Gas Transportation - West Pool (aka OGT West Pool). Both Confirms also specified that the Performance Obligation was "Firm (Variable)." NAESB Section 2.19

states that '"Firm" shall mean either party may interrupt its performance without liability only to the extent that such performance is prevented for reasons of Force Majeure . . .'

8. The June 3rd Confirm specifies that ONG may call for up to 15,000 MMbtu/Day at a contract price equal to the Platts Inside FERC, First of Month posted index for Oneok, Okla. ONG's right to purchase under the June 3rd Confirm arises when the forecast low for Oklahoma City is 25 or lower during the months of December 2020 through February 2021.

9. As a premium for making gas available to ONG during low temperature events, NextEra charged ONG a daily demand charge. Meaning, ONG had to pay a fee for having the right to purchase gas whether or not ONG actually called on the gas.

10. The second transaction as reflected in the July 29th Confirm was for purchases to the same delivery point, but at "spot" pricing—that is, at the current market price on a given index, in this case, Gas Daily Midpoint.

11. Beginning around February 12, 2021, Oklahoma and surrounding states experienced extremely low temperatures that impacted supply, market pricing and demand for natural gas. As a result, on February 16, 2021, the Oklahoma Corporation Commission issued an Emergency Order directing natural gas and electric utilities to prioritize deliveries of natural gas and electricity for services necessary for life, health, and public safety, and natural gas to electric generation facilities that serve human needs customers.

12.     Accordingly, for the period of February 12–18, 2021, ONG called for delivery of the full 15,000 MMbtus per day from under ONG's June 3rd Confirm with NextEra.

13.     On February 16, 2021, NextEra sent ONG written notice of force majeure, stating that due to extreme weather "multiple pipelines … and many … facilities … have suffered freeze-outs and failures." Notwithstanding its force majeure notice, NextEra continued to deliver gas to ONG at the OGT West Pool.

14.     During this period natural gas spot pricing applicable to gas purchased under ONG's July 29th Confirm with NextEra far exceeded the first of month pricing applicable to gas purchased under the June 3rd Confirm. For example, the first of month price for February 2021 was $2.63 per MMbtu whereas the applicable Gas Daily Index price reached $1,193.15 on February 18. Obviously, it was to NextEra's economic advantage to prorate its sales to ONG between the two confirms instead of first fulfilling the first-of-month priced contract before allocating sales to the spot-priced contract.

15.     NextEra's invoice to ONG for February, 2021 gas deliveries pursuant to the June 3rd and July 29th Confirms, revealed that during February NextEra chose, unilaterally, to prorate the volumes it delivered to ONG between the two Confirms rather than first allocating delivered volumes to satisfy ONG's calls under the lower priced June 3rd Confirm. It was apparent that NextEra could have fully performed its obligations under the June 3rd confirm, and was not prevented from doing so by any force majeure condition.

16. After receiving NextEra's invoice, ONG timely notified NextEra that ONG was disputing NextEra's February 2021 invoice, and that ONG was withholding $6,968,770.44 from its payment. ONG's payment to NextEra was calculated by first attributing NextEra's February gas deliveries to the June 3rd Confirm, with the balance attributed to the July 29th Confirm.

17. NextEra has advised ONG it does not agree with ONG's position and that the remaining balance of NextEra's February 2021 invoice is still due and owing.

## COUNT I - Declaratory Judgment

18. ONG realleges and incorporates each allegation set forth above.

19. A justiciable controversy exists between ONG and NextEra with respect to NextEra's unilateral decision to prorate February 2021 gas sales between the June 3rd and July 29th Confirms.

20. ONG seeks a ruling that NextEra was not entitled to unilaterally prorate deliveries between the two Confirms and that force majeure did not prevent NextEra from fully performing its obligations under the June 3rd Confirm.

WHEREFORE, ONG request that the Court enter a judgment that NextEra was obliged to fulfill its obligations under the June 3rd confirm and that NextEra's performance was not excused due to a force majeure.

## COUNT II - Breach of Contract

21. ONG realleges and incorporates each allegation set forth above.

22. NextEra has breached its obligations under the June 3rd Transaction Confirmation.

23. ONG has been damaged by NextEra's breach.

WHEREFORE, ONG requests the Court to enter a judgment in its favor, and award damages in an amount to be determined at trial.

Dated: April 30, 2021

Respectfully submitted,

s/ *Justin A. Lollman*

Mia Vahlberg, OBA No. 20357
Justin A. Lollman, OBA No. 32051
**GABLEGOTWALS**
110 N. Elgin Ave., Suite 200
Tulsa, Oklahoma 74120-1495
Telephone (918) 595-4800
Facsimile (918) 595-4990
*mvahlberg@gablelaw.com*
*jlollman@gablelaw.com*

**Attorneys for Plaintiff**