### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OKLAHOMA NATURAL GAS, a division of ONE GAS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEXTERA ENERGY MARKETING, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) Case No. CIV-21-419-D ) ) ) ) ) ) |

### DEFENDANT NEXTERA ENERGY MARKETING, LLC'S
### AMENDED ANSWER TO PLAINTIFF'S COMPLAINT, AND COUNTERCLAIM

Defendant NextEra Energy Marketing, LLC ("NextEra") submits its amended answer to Plaintiff's Complaint, and further submits NextEra's Counterclaim, and in support thereof, states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. NextEra admits Plaintiff is subject to regulation by the Oklahoma Corporation Commission, but has insufficient information to admit or deny the remaining allegations contained in numerical paragraph 1 of the Complaint, and therefore denies same.

2. NextEra markets electricity and natural gas. It provides a wide range of electricity and gas commodity products as well as marketing and trading services to electric and gas utilities, municipalities, cooperatives, and load-serving entities. NextEra is a Delaware limited liability company headquartered in Juno Beach, Florida, whose sole member is NextEra Energy Resources, LLC, whose sole member is NextEra Energy

Capital Holdings, Inc., a Florida corporation headquartered in Juno Beach, Florida. NextEra denies the remaining allegations contained in numerical paragraph 2 of the Complaint.

3. NextEra admits the allegations contained in numerical paragraph 3 of the Complaint.

4. NextEra admits that the Court has personal jurisdiction over NextEra, and that venue is proper in this district.

**FACTUAL ALLEGATIONS**

5. With respect to the allegations contained in numerical paragraph 5 of the Complaint, NextEra states a Base Contract for Sale and Purchase of Natural Gas ("Base Contract") was executed by NextEra[1] and Oklahoma Natural Gas Company, a division of ONE Gas, Inc. effective January 31, 2016, but states that the terms of that agreement speak for themselves. NextEra has insufficient information to admit or deny Plaintiff's characterization of how the industry refers to the contract, or as to which industry in particular Plaintiff is referring. NextEra admits that the Base Contract is a form contract promulgated by the North American Energy Standards Board, or 'NAESB,' but denies that the contract between the parties is the only such form base contract promulgated by NAESB. NextEra admits that Section 1.2 of the Base Contract refers to Transaction Confirmations, but NextEra states that the terms of the Base Contract speak for themselves and that the Base Contract must be construed as a whole, together with other elements of

---

[1] NextEra is identified in the Base Contract as NextEra Energy Power Marketing, LLC; the company name was changed in 2017 to NextEra Energy Marketing, LLC.

the agreement between the parties, customary practice and equitable principles, and therefore denies the remaining allegations contained in numerical paragraph 5 of the Complaint.

6.    NextEra admits that Plaintiff executed more than one transaction confirmations for the purchase of natural gas, including ones dated June 3, 2020 and July 29, 2020. NextEra states that the terms of the transaction confirmations and the Base Contract speak for themselves and must be construed together as a whole, therefore NextEra denies the remaining allegations contained in numerical paragraph 6 of the Complaint to the extent they attempt to construe or describe the transaction confirmations. Further, NextEra has insufficient information to admit or deny the balance of the allegations contained in numerical paragraph 6 of the Complaint, and therefore denies same.

7.    NextEra admits that certain transaction confirmations stated that NextEra would deliver gas for Plaintiff's benefit at the ONEOK Gas Transportation West Pool, and states that the terms of the transaction confirmations and the Base Contract speak for themselves and must be construed together as a whole, and therefore denies Plaintiff's attempt to characterize their terms, and denies the remaining allegations contained in numerical paragraph 7 of the Complaint.

8.    NextEra states that the terms of the transaction confirmation referenced in numerical paragraph 8 of the Complaint and the terms of the Base Contract speak for themselves, and must be construed together as a whole, and therefore denies the Plaintiff's

attempt to characterize them in numerical paragraph 8 of the Complaint, and further, denies the remaining allegations contained in numerical paragraph 8 of the Complaint.

9. NextEra states that the terms of the transaction confirmation referenced in numerical paragraph 9 of the Complaint and the terms of the Base Contract speak for themselves, and must be construed together as a whole, and therefore denies the Plaintiff's attempt to characterize them in numerical paragraph 9 of the Complaint, and further, denies the remaining allegations contained in numerical paragraph 9 of the Complaint.

10. NextEra admits that the transaction confirmation referenced in numerical paragraph 10 of the Complaint set out a delivery term of ONEOK Gas Transportation – West Pool, but states that the balance of the terms of the confirmation and the terms of the Base Contract speak for themselves, and must be construed together as a whole, and therefore denies the Plaintiff's attempt to characterize them in numerical paragraph 10 of the Complaint, and further, denies the remaining allegations contained in numerical paragraph 10 of the Complaint.

11. NextEra admits generally that there were low temperatures in Oklahoma and certain other states in the region in mid-February but states that the details of such conditions varied and therefore denies the characterization of them in numerical paragraph 11 of the Complaint. Further, NextEra states that the impacts on the cost of natural gas in February 2021 were multifactorial and differed by area, and were not limited to temperature, and therefore denies Plaintiff's characterization of how gas prices developed in February 2021 in numerical paragraph 11 of the Complaint. NextEra admits that the Oklahoma Corporation Commission issued an Emergency Order on or about February 16,

2021, and states that the terms of the order speak for themselves, and denies Plaintiff's attempt to characterize the order's terms, and, for the foregoing reasons, denies the balance of the allegations contained in numerical paragraph 11 of the Complaint.

12. NextEra admits Plaintiff made a call on its June 3 confirmation, but is without sufficient information to admit or deny what motivated Plaintiff's actions, and therefore denies any characterization as to same, and states that the terms of the call and the transaction confirmations speak for themselves, and therefore NextEra denies the balance of the allegations contained in numerical paragraph 12 of the Complaint.

13. NextEra admits a force majeure notice was sent to Plaintiff on or about February 16, 2021, but states that the contents of the notice speak for themselves, and NextEra denies Plaintiff's characterization of its terms in numerical paragraph 13 of the Complaint. NextEra admits it used commercially reasonable efforts to attempt to continue to deliver gas to Plaintiff in February 2021 at the agreed delivery point.

14. NextEra admits that on February 18, 2021 the Gas Daily price index generally exceeded the first of month price of natural gas. NextEra denies the balance of the allegations contained in numerical paragraph 14 of the Complaint.

15. NextEra admits that under the parties' agreement and practice, under force majeure conditions and under the entirety of the circumstances including, but not limited to, all applicable emergency orders, the gas billed under the February 2021 invoice to Plaintiff was properly attributed to both confirmations. NextEra denies the balance of the allegations contained in numerical paragraph 15 of the Complaint.

16. NextEra admits that Plaintiff provided notice that it disputed its February 2021 NextEra invoice, and that Plaintiff stated was withholding sums billed from its payment. NextEra admits Plaintiff characterized its payment in substantially the same way it alleges in numerical paragraph 16 of the Complaint, but denies that the same was a proper way to calculate payment, and denies that Plaintiff's payment to NextEra complied with Plaintiff's payment obligations to NextEra.

17. NextEra admits the allegations contained in numerical paragraph 17 of the Complaint.

## COUNT I – Declaratory Judgment

18. The allegations in numerical paragraph 18 of the Complaint do not require a response.

19. NextEra admits a justiciable controversy exists between the parties, but denies the remaining allegations of numerical paragraph 19 of the Complaint.

20. NextEra admits that Plaintiff seeks a ruling, but denies that Plaintiff is entitled to the relief or ruling it seeks, and denies the remaining allegations contained in numerical paragraph 20 of the Complaint.

21. The allegations contained in the unnumbered paragraph at the conclusion of Plaintiff's Count I do not require a response, but NextEra denies that Plaintiff is entitled to the relief it seeks and denies that the allegations that Plaintiff asserts in its claim for declaratory relief.

## COUNT II – Breach of Contract

22. The allegations in numerical paragraph 21 of the Complaint do not require a response.

23. NextEra denies the allegations contained in numerical paragraph 22 of the Complaint.

24. NextEra denies the allegations contained in numerical paragraph 23 of the Complaint.

25. The allegations contained in the unnumbered paragraph at the conclusion of Plaintiff's Count II do not require a response, but NextEra denies that Plaintiff is entitled judgment in its favor, or has suffered, or is entitled to recovery of, damages.

## **AFFIRMATIVE DEFENSES**

1. NextEra's performance under the Contract between the parties was proper and consistent with Contract terms, consistent with the course of dealings between the parties, and further, was commercially reasonable under accepted industry practice.

2. Unjust Enrichment.

3. Failure to Mitigate.

4. Reasonable Reliance.

5. Estoppel.

6. Waiver

7. NextEra reserves the right to supplement its affirmative defenses.

## COUNTERCLAIM

NextEra, for its Counterclaim against Plaintiff Oklahoma Natural Gas, a division of One Gas, Inc., alleges and states as follows:

### I.

### Breach of Contract

1. NextEra and Oklahoma Natural Gas Company, a division of ONE Gas, Inc. ("ONG") are parties to a natural gas supply contract effective January 31, 2016 (the "Contract"). The Contract was in effect in February 2021.

2. Under the Contract, NextEra agreed to supply natural gas to meet ONG's needs, and ONG agreed to pay for the natural gas provided in immediately available funds, on or before the later of the payment date stated in the invoice, or 10 days after ONG's receipt of the invoice.

3. The parties' Contract contemplates the parties will from time to time use oral or written transaction confirmations that may become part of the Contract. In February 2021, there were two transaction confirmations in effect for ONG's purchase of natural gas from NextEra.

4. In February 2021, in accordance with and pursuant to the terms of the Contract, NextEra in good faith purchased natural gas pursuant to ONG's demand for the supply of natural gas, and NextEra supplied ONG with the natural gas ONG sought to supply its customers. On February 12, 2021, Oklahoma's Governor J. Kevin Stitt declared a state of emergency for all 77 Oklahoma counties due to a severe winter storm that caused, among other things, problems related to natural gas including increased demand,

commodity acquisition, line pressure, and supply shortages. NextEra timely notified ONG of these issues, and invoked the force majeure provisions of the Contract.

5. The Oklahoma Corporation Commission issued an Order on February 16, 2021 directing prioritization of the delivery of natural gas and electricity services necessary for life, health and public safety and directing prioritization of delivery of natural gas to facilities that serve human needs customers.

6. NextEra supplied ONG with natural gas in February 2021 in the knowledge that ONG is a utility that supplies natural gas for such essential services as power generation and residential heating, and to human needs customers. In obtaining natural gas for and delivering it to ONG in February 2021, NextEra relied on ONG's promise to pay NextEra for such natural gas.

7. NextEra's efforts to acquire the natural gas it supplied to ONG to meet ONG's demand in February 2021 were commercially reasonable and proper, were in accordance with the parties' course of conduct, complied with industry standards, and complied with the Contract.

8. NextEra's allocation of the natural gas it supplied to ONG to meet ONG's demand in February 2021 under the applicable transaction confirmations was commercially reasonable and proper, was in accordance with the parties' course of conduct, complied with industry standards, and complied with the Contract.

9. NextEra prepared an invoice for the February 2021 natural gas NextEra purchased for and delivered to ONG, and provided the invoice to ONG, all in accordance

with the Contract, the transaction confirmations, the parties' course of dealings, and industry practice.

10. However, although NextEra supplied natural gas to ONG in February 2021, and ONG reaped the benefit of the bargain by accepting the natural gas delivered by NextEra, ONG failed to make full payment to NextEra of the amount due under NextEra's February 2021 invoice as was required by the parties' agreement.

11. Accordingly, ONG is in breach of its contractual obligations to NextEra.

12. Further, ONG is not justified in withholding payment under the Contract, and ONG's failure to make payment does not comply with industry standards or the parties' course of dealing.

13. NextEra has been damaged by ONG's breach, in that NextEra purchased natural gas on the market under force majeure conditions and delivered such natural gas to ONG in the reasonable expectation that ONG would comply with its contractual obligations and pay NextEra for the natural gas ONG received from NextEra, which ONG then consumed or sold to third parties. NextEra has suffered, and continues to suffer, damages and other harm caused by ONG's breach of Contract in its failure to perform its payment obligations.

WHEREFORE, NextEra Energy Marketing, LLC requests the Court determine ONG breached its contractual payment obligation to NextEra, that NextEra has been damaged by ONG's breach in an amount in excess $75,000, which was withheld from payment by ONG and that NextEra is entitled to recover from ONG pre- and post-judgment

interest on NextEra's damages, costs and a reasonable attorney fee, and for such further relief, whether legal or equitable, as would be just and proper.

## II.

## Declaratory Judgment

14. NextEra realleges and incorporates each allegation set out in Count I of its Counterclaim, above.

15. ONG unilaterally recharacterized NextEra's February 2021 ONG invoice, and decided what it was willing to pay, without regard to the Contract, course of dealing of the parties, or the reliance of NextEra on ONG's promise to pay in fulfilling its obligations under the Contract. NextEra seeks a ruling that ONG is not entitled, under the Contract or otherwise, to unilaterally restructure the parties' agreement and withhold payment for any portion of NextEra's February 2021 invoice outside the narrow framework of the Contract's dispute provision.

WHEREFORE, NextEra Energy Marketing, LLC requests the Court enter a judgment that ONG is not entitled to withhold payment for any portion of NextEra's February 2021 invoice, and for such further relief as would be just and proper.

## III.

## Unjust Enrichment

16. NextEra realleges and incorporates each allegation set out in Counts I and II of its Counterclaim, above.

17. In February 2021, knowing ONG supplied natural gas to essential services including power generation and residential heating, and for human needs, NextEra in good

faith purchased natural gas in reliance on ONG's request for delivery of, and promise to pay for, same, and in reliance on the same NextEra also delivered the natural gas to ONG. ONG accepted delivery with the full knowledge that NextEra had been forced to expend substantial sums for the natural gas it had obtained for and delivered to ONG. However, ONG had no intention of honoring its commitment to pay NextEra for the delivery of natural gas in the manner contemplated by the Contract, the transaction confirmations, the parties' course of conduct, and as required by industry practice.

18.  Having accepted delivery, ONG consumed the natural gas or provided and sold it to its own customers.

19.  NextEra paid for the natural gas it supplied to ONG, and ONG received the benefit of that delivery, and was able to consume the natural gas or provide it to its own customers, in return for payment from its customers.

20.  Further, ONG contends it is entitled to, and has sought, relief from regulatory authorities for costs it has incurred attributable to the events and developments of February 2021, but refuses to pay NextEra the amount NextEra is due for the natural gas NextEra provided to ONG in February 2021.

21.  ONG has been unjustly enriched by the cost of the natural gas NextEra purchased on behalf of and supplied to ONG in February 2021, in an amount equal to the difference between the amount of NextEra's February 2021 invoice and the sum ONG paid to NextEra, which is an amount in excess of $75,000.

WHEREFORE, NextEra Energy Marketing, LLC requests that the Court enter judgment determining ONG has been unjustly enriched in an amount equal to the entire

sum it withheld, and failed to pay NextEra, but was billed to ONG in and under NextEra's February 2021 invoice, and that NextEra is entitled to an award in the amount of such unjust enrichment, together with pre- and post-judgment interest, costs, and a reasonable attorney fee, and such other and further relief, whether legal or equitable, as would be just.

    Respectfully submitted,

*/s/ Thomas G. Wolfe*
Thomas G. Wolfe, OBA No. 11576
Heather L. Hintz, OBA No. 14253
Phillips Murrah P.C.
Corporate Tower, Thirteenth Floor
101 North Robinson
Oklahoma City, OK 73102
Telephone:	(405) 235-4100
Facsimile:	(405) 235-4133
Email:		tgwolfe@phillipsmurrah.com
		hlhintz@phillipsmurrah.com

**ATTORNEYS FOR DEFENDANT AND COUNTERCLAIMANT**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of May, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Mia Vahlberg
Justin A. Lollman
GableGotwals
110 N Elgin Ave, Ste 200
Tulsa, OK  74120-1495
mvahlberg@gablelaw.com
jlollman@gablelaw.com

***Attorneys for Plaintiff***

                                               */s/ Thomas G. Wolfe*
                                               Thomas G. Wolfe