IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) OKLAHOMA NATURAL GAS, a division of ONE GAS, INC., <br><br> Plaintiff, <br><br> v. <br><br> (1) NEXTERA ENERGY MARKETING, LLC, <br><br> Defendant. | Case No. 21-CV-419-D |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:  September 9, 2021

Appearing for Plaintiff Oklahoma Natural Gas (ONG):

Mia Vahlberg, OBA No. 20357
Justin A. Lollman, OBA No. 32051
GABLEGOTWALS
110 N. Elgin Ave., Suite 200
Tulsa, Oklahoma 74120-1495

Appearing for Defendant NextEra Energy Marketing, LLC (NEM):

Heather L. Hintz, OBA No. 14253
Thomas G. Wolfe, OBA No. 11576
PHILLIPS MURRAH P.C.
Corporate Tower, Thirteenth Floor
101 N. Robinson Ave.
Oklahoma City, OK 73102

**Jury Trial Demanded ☒ [ONG]**     **Non-Jury Trial ☒[NEM]**

1.  **BRIEF PRELIMINARY STATEMENT**.  State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

    NEM and ONG have a standardized base contract dated January 31, 2016.  From time-to-time NEM and ONG enter into individual gas purchase and sale

{2397317;}

transactions, which are reflected in Transaction Confirmations. The Transaction Confirmations are governed by the terms of the 2016 base contract. This case arises from a dispute regarding certain gas purchase and sale transactions between ONG and NEM that occurred during February 2021.

ONG contends that NEM breached a June 3, 2020 Transaction Confirmation by (1) failing to deliver the full volume of gas that ONG requested under the June 3rd Confirmation (which specifies a price based on a first-of-month published index price that remains fixed for the entire month); and (2) reallocating gas that should have been delivered under the June 3rd Transaction Confirmation to a July 29, 2020 Transaction Confirmation (which specifies floating, spot pricing), with the result being that ONG was charged a significantly higher price than it should have been.

NEM contends that its natural gas deliveries to ONG during the days in dispute complied fully with the Base Contract and Confirmations, and that the deliveries were commercially reasonable, proper, and in compliance with the parties' course of conduct, industry standards, and applicable regulations. Despite the unprecedented February 2021 disruption in the natural gas supply, demand and transport systems, NEM acted in good faith to obtain for and deliver to ONG the natural gas it needed to supply its customers. NEM disputes that ONG was improperly charged for the natural gas at issue.

By way of its counterclaim, NEM seeks a declaration that ONG is obligated to pay approximately $6.9 million for the natural gas it received in February 2021, and that payment is also necessitated under equitable theories.

2. **JURISDICTION**. State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

This Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties—ONG is a citizen of Oklahoma, and NEM is a citizen of another state —and the amount in controversy exceeds $75,000.00.

3. **STIPULATED FACTS**. List stipulations as to all facts that are not disputed, including jurisdictional facts.

    A.    ONG is a citizen of the State of Oklahoma.

B. NEM is a Delaware limited liability company whose sole member is a Delaware limited liability company, whose sole member is a Florida corporation.

C. The amount in controversy exceeds $75,000.00.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

   A. **Plaintiff:** In 2016, ONG entered into a base contract for purchase of natural gas with NextEra. For the 2020-2021 heating season, ONG entered into two transaction confirmations with NextEra for the purchase of natural gas under the base contract for delivery to the ONEOK Gas Transportation – West Pool (OGT West Pool)—one at a fixed price (the June 3rd Confirm) and the other at a variable "spot" or index price (the July 29th Confirm). .

   In mid-February 2021, Oklahoma and surrounding states experienced extreme cold weather. On February 16, 2021, NextEra sent ONG written notice of force majeure. Notwithstanding its force majeure notice, NextEra continued to deliver gas to ONG at the OGT West Pool. During this time, because of increased demand, spot pricing for natural gas under ONG's July 29th Confirm far exceeded the price applicable to gas purchased under the June 3rd Confirm.

   NextEra's invoice to ONG for February 2021 gas deliveries pursuant to the June 3rd and July 29th Confirms, revealed that during February NextEra chose, unilaterally, to prorate the volumes it delivered to ONG between the two Confirms rather than first allocating delivered volumes to satisfy ONG's calls under the lower priced June 3rd Confirm. It was apparent that NextEra could have fully performed its obligations under the June 3rd confirm, and was not prevented from doing so by any force majeure condition.

   ONG seeks a declaration that it is not required to pay the disputed portion of NextEra's February 2021 invoice, approximately $6.9 million of the $429.9 million invoiced.

   B. **Defendant:** NEM disputes ONG's contentions and characterizations of the natural gas transactions, and also states that there were four transaction confirmations applicable to the month of February 2021, respectively dated June 3, 2020, July 29, 2020, and October 2, 2020 (two).

   Further, NEM timely notified ONG of the Governor's declaration of a state of emergency and of force majeure conditions. NEM acted in good faith to

  obtain natural gas to provide to ONG under force majeure conditions in the knowledge that ONG was a utility providing gas to human need customers. NEM's efforts, under the extraordinary circumstances that impacted supply, transport and pricing, to provide natural gas to ONG as a supplier of natural gas for essential services were commercially reasonable, proper, and conformed in all respects with the parties' course of conduct, industry standards, and the Base Contract and confirmations.

  NEM's counterclaim seeks full payment of its February 2021 invoice balance of approximately $6.9 million under breach of contract, declaratory judgment, and unjust enrichment causes of action.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.

   Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

   ☐ Yes    ☒ No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

   ONG anticipates filing a dispositive motion, as does NEM.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?   ☒ Yes    ☐ No

   If "no," by what date will they be made?

8. **PLAN FOR DISCOVERY**.

   A.   The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on July 15, 2021.

   B.   The parties anticipate that discovery should be completed within six (6) months.

   C.   In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session?

       4 months.

    D.    Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

        ☒Yes      ☐No

    E.    Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

        ☐Yes      ☒No

At this time the parties do not anticipate any issues in this regard.

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

_____

    F.    Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

_____

9. **ESTIMATED TRIAL TIME**: 2-3 days.

10. **BIFURCATION REQUESTED**:    ☐Yes    ☒No

11. **POSSIBILITY OF SETTLEMENT**:   ☐Good   ☒Fair   ☐Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

    A.    Compliance with LCvR 16.1(a)(1) - ADR discussion:  ☒Yes    ☐No

    B.    The parties request that this case be referred to the following ADR process:

        ☒ Court-Ordered Mediation subject to LCvR 16.3
        ☐ Judicial Settlement Conference
        ☐ Other _____
        ☐ None - the parties do not request ADR at this time.

13. **PARTIES CONSENT TO TRIAL BY MAGISTRATE JUDGE?** ☐Yes ☒No

14. **TYPE OF SCHEDULING ORDER REQUESTED.** ☒Standard   ☐ Specialized
    (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 3rd day of September 2021.

> *s/Justin A. Lollman*
> Mia Vahlberg, OBA No. 20357
> Justin A. Lollman, OBA No. 32051
> GABLEGOTWALS
> 110 N. Elgin Ave., Suite 200
> Tulsa, Oklahoma 74120-1495
> Telephone (918) 595-4800
> Facsimile (918) 595-4990
> *mvahlberg@gablelaw.com*
> *jlollman@gablelaw.com*
>
> **Counsel for Plaintiff**
>
> *s/Heather L. Hintz/ with permission*
> Heather L. Hintz, OBA No. 14253
> Thomas G. Wolfe, OBA No. 11576
> PHILLIPS MURRAH P.C.
> Corporate Tower, Thirteenth Floor
> 101 N. Robinson Ave.
> Oklahoma City, OK 73102
> Telephone (405) 235-4100
> Facsimile (405) 235-4133
> hlhintz@phillipsmurrah.com
> tgwolfe@phillipsmurrah.com
>
> **Counsel for Defendant**